# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JAMES MARTIN GRAHAM, | * | |
| | * | |
| Movant, | * | CIVIL ACTION NO.: 2:18-cv-130 |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Case No.: 2:17-cr-2) |
| | * | |
| Respondent. | * | |

### ORDER

Presently before the Court is Movant James Graham's ("Graham") Motion for Relief From Judgment under Federal Rule of Civil Procedure 60(b)(3). Dkt. No. 24. The Government filed a Response, and Graham filed a Reply and a supporting exhibit. Dkt. Nos. 25, 26, 27. For the following reasons, the Court **DENIES** Graham's Motion. The Court's December 8, 2021 Order remains the Order of this Court, and this case remains **CLOSED**.

I.  **Background**

Graham was convicted and sentenced in this Court after he pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Crim. Case, Dkt. No. 29. After accepting his plea and conducted a sentencing

hearing, the Court sentenced Graham to 188 months in prison. Crim. Case, Dkt. No. 36. Graham filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence based, in part, on his contentions his trial counsel rendered ineffective assistance at all stages of the criminal proceedings. Dkt. No. 1. The Magistrate Judge issued a Report recommending the Court deny Graham's motion. Dkt. No. 20. Graham filed no objections to the Report. The Court ultimately adopted the Magistrate Judge's Recommendation and denied Graham's motion. Dkt. No. 22. Graham filed the instant Rule 60(b)(3) Motion more than six months after his § 2255 motion was denied.

## II. Discussion

Graham states he brings his Motion based on the discovery of new evidence and because the Government and his attorney committed fraud on the Court "by knowingly and intentionally misleading" him and this Court. Dkt. No. 24 at 1. Graham contends the Government stated in open court it had the federal search warrants for his residence and a forensic search of his computers and provided the warrants to Graham's counsel. Id. at 1-2. According to Graham, the Federal Bureau of Investigation ("FBI") admitted there are no federal search warrants related to the federal sentence he is currently serving. Graham maintains "[t]he discovery of this new evidence" "unequivocally caused a defect in the integrity of the proceedings." Id. at 2, 5-6. If

2

he had not been misled, Graham claims he would have persisted in a not guilty plea, gone to trial, and filed a motion to suppress evidence the FBI obtained upon entry into his residence. Id. at 2. Graham asks the Court to vacate the final judgment in his 28 U.S.C. § 2255 proceedings and allow him to submit this new evidence without fraud on the Court. Id. at 6. Graham states his belief he has shown "a clear defect in the integrity" of the § 2255 proceedings and his criminal proceedings, which caused the Court to believe and ultimately deny his § 2255 motion based on the Government and his trial attorneys' statements there were federal search warrants in existence which allowed the searches in his criminal proceedings. Id. at 7.

In response, the Government states Graham's Motion is without merit and frivolous. Dkt. No. 25 at 1. The Government asserts Graham cannot collaterally attack his criminal proceedings through Rule 60(b)(3) and must show it committed fraud in its response to Graham's § 2255 motion. However, the Government notes Graham cannot show any statement made in response to his § 2255 motion relating to the existence or non-existence of federal search warrants caused the Court to rule in its favor, as the Court determined the guilty plea barred Graham's pre-trial ineffective assistance claims. Id. at 2-3. Additionally, Graham had opportunities to obtain evidence supporting his claim, yet he failed to do so. Id. at 3-4.

3

Further, the Government notes Graham's Freedom of Information Act ("FOIA") case does not establish evidence of fraud or of the non-existence of federal warrants; rather, the most the court's order reveals is the FBI did not have copies of any federal warrants relating to Graham's internet usage. Id. at 4. The Government states a search warrant was unnecessary regarding Graham's internet usage because that information was publicly available based on Graham's usage of "publicly available peer-2-peer software on a BitTorrent network . . . ." Id. at 5. Finally, the Government contends Graham knew there was a search warrant for his residence, yet he presents nothing to dispute this. Id.

A court "may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). The movant has the burden of proving this assertion by clear and convincing evidence. Attea v. Univ. of Miami, 678 F. App'x 971, 974 (11th Cir. 2017) (citing Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978)). "The moving party must also demonstrate the alleged conduct prevented [him] from fully presenting [his] case." Guthrie v. Wells Fargo Home Mortg. NA, 706 F. App'x 975, 977 (11th Cir. 2017) (citation omitted); see also United States

4

v. Currie, CR107-077, 2020 WL 2616515, at *1 (S.D. Ga. May 20, 2020) (same).

Graham fails to prove by clear and convincing evidence—or any measure of proof—a fraud was perpetrated upon this Court during his § 2255 proceedings. As the Government notes, the Court determined the entry of Graham's knowing and voluntary guilty plea barred any claims of ineffective assistance of counsel for pre-trial conduct, including any alleged failure to obtain federal search warrants and to file a motion to suppress. Dkt. No. 20 at 9-12. In addition, the record before the Court indicates law enforcement obtained search warrants for Graham's Darien and Brunswick, Georgia residences. Id. at 3 (citing Crim. Case, Dkt. No. 33 at 39-40). Graham presented nothing in his § 2255 proceedings which showed, even if a fraud had been perpetrated upon this Court, this alleged fraud prevented him from fully presenting his case. Graham provided extensive argument in his § 2255 filings relating to his claims of the non-existence of search warrants. Id. at 9 (quoting Dkt. No. 1-1 at 6; Dkt. No. 13 at 1-4). Simply because the Court found Graham's claim was barred by the waiver provision of his plea agreement and was without merit, even if not barred, does not reveal the Government committed fraud. The decision in Graham's FOIA case is not evidence of fraud, despite his contrary view. Instead, this decision reveals only that Graham "identified no

5

obstacles to obtaining 'material supporting an ineffective-assistance-of counsel claim'" and the FBI had no records responsive to a request for "federal search warrants authorizing the surveillance of [Graham's] *internet usage* during a specific time . . . ." Dkt. No. 24 at 21 (emphasis supplied). In sum, Graham is not entitled to his requested relief.

### III. Conclusion

Based on the foregoing, the Court **DENIES** Graham's Rule 60(b)(3) Motion. The Court's December 8, 2021 Order remains the Order of this Court, and this case remains **CLOSED**.

**SO ORDERED**, this 19 day of October, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA