# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | CR 217-002 |
| v. | ) | CV 218-130 |
| | ) | |
| JAMES MARTIN GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This case has been remanded to this Court by the Eleventh Circuit Court of Appeals for the limited purpose of considering whether a Certificate of Appealability ("COA") should issue with respect to Defendant James Graham's Federal Rule of Civil Procedure 60(b) motion.[1]

### BACKGROUND

On July 7, 2017, Defendant pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Dkt. Nos. 27-29. On January 22, 2018, the Court sentenced Defendant to 188 months' imprisonment with the Bureau of Prisons. Dkt. No. 36. Defendant did not appeal.

On October 29, 2018, Defendant filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 52. On November 12, 2021, the Magistrate

---

[1] Docket citations are to the criminal case. No. 2:17cr002 (S.D. Ga.).

Judge issued a Report and Recommendation, recommending the Court deny Defendant's § 2255 motion. Dkt. No. 103. Defendant filed no objection thereto, and on December 8, 2021, the Court adopted the Report and Recommendation, denying Defendant's § 2255 motion. Dkt. No. 105. In that Order, the Court denied Defendant a COA and *in forma pauperis* status on appeal. Id. at 2.

Months later, on June 21, 2022, Defendant filed a Federal Rule of Civil Procedure 60(b)(3) motion for relief from judgment with regard to the § 2255 denial Order. Dkt. No. 107. On October 20, 2022, after the motion was fully briefed, the Court denied Defendant's motion. Dkt. No. 111. Defendant filed a notice of appeal of that Order, dkt. no. 113, and moved the Court for leave to proceed *in forma pauperis* on appeal, dkt. no. 114. Finding that Defendant's appeal is not taken in good faith, the Court denied Defendant *in forma pauperis* status on appeal. Dkt. No. 33.

On appeal, Defendant moved the Eleventh Circuit Court of Appeals for a COA and leave to proceed *in forma pauperis*. Graham v. United States, No. 22-13757 (11th Cir. Nov. 8, 2022), ECF. 5, 6. Those motions are still pending. However, because Defendant did not move this Court for a COA pertaining to his Rule 60(b)(3) motion, and because the Court did not otherwise rule on same, the Eleventh Circuit has remanded the case "on a

limited basis for the [Court] to consider whether a COA should issue." Id., ECF 8.

### LEGAL AUTHORITY

"Federal law requires that a prisoner whose § 2255 motion to vacate has been denied by a district court first obtain a COA." United States v. Harrison, 809 F. App'x 635, 636 (11th Cir. 2020) (citing 28 U.S.C. § 2253(c)(1)). "A COA is also required to appeal 'any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or § 2255 proceeding.'" Id. (quoting Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1263 (11th Cir. 2004) (en banc), aff'd on other grounds sub nom. Gonzalez v. Crosby, 545 U.S. 524 (2005)). "This is a jurisdictional prerequisite because the COA statute mandates that unless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals . . . As a result, until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." Id. (quotation marks omitted) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation, brackets and quotation omitted)).

### DISCUSSION

To merit a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

3

Defendant's Rule 60(b)(3) motion is aimed at revisiting his § 2255 motion and alleges the discovery of new evidence and fraud on the Court committed by his attorney and the Government. See Dkt. No. 107. Yet, as the Court noted in its denial Order, Defendant "fail[ed] to prove by clear and convincing evidence—or any measure of proof—a fraud was perpetrated upon this Court during his § 2255 proceedings." Dkt. No. 111 at 5. Moreover, the Court already concluded that, with regard to the § 2255 motion, Defendant was not entitled to a certificate of appealability or *in forma pauperis* status on appeal. Dkt. No. 105 at 2.

After consideration, and in accordance with its prior Orders, the Court finds that Defendant has not made a substantial showing of the denial of a constitutional right as required for a COA to issue. 28 U.S.C. § 2243(c)(2). Accordingly, the Court **DENIES** Defendant a COA with regard to his Rule 60(b)(3) motion.

## CONCLUSION

The Court **DENIES** Defendant a COA with regard to his Rule 60(b)(3) motion. The Clerk is **DIRECTED** to provide the Eleventh Circuit a copy of this Order.

SO ORDERED, this ___ day of May, 2023.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA